DAUKSCH, Judge.
This is an appeal from an order dismissing a criminal information on the basis that the statute is unconstitutional. We reverse.
Appellee was charged under the felony bookmaking statute, Section 849.25(1), which forbids the “taking or receiving any bet.” He says that because there is a misdemeanor statute, Section 849.14, proscribing the same conduct that the prosecutor is given too much discretion in how to charge a person and that is an unconstitutional denial of equal protection.
We disagree with appellee, the trial judge and the Fourth District Court of Appeal in State v. Cogswell, 504 So.2d 464 (Fla. 4th DCA 1987). It is clear to us that the misdemeanor statute forbids the placing of a bet, or being the stakeholder of a bet, and treats that act less severely than the act of “taking or receiving” a bet. Logically so, without those few persons in the bookmaking business who handle the large sums of money, establish the odds and set the point spreads in betting there would be a lot less organization in this tax-avoiding criminal enterprise. So, punish the big boys, the bookmakers, those who handle the bets, the takers, more severely. The misdemeanor statute, contrary to the Fourth District Court of Appeal’s opinion, says nothing about “taking or receiving a bet.” Only the felony statute does. The only acts forbidden in the misdemeanor statutes are the placing of a bet and the holding of the stakes of others’ bets. Neither of these acts are taking or receiving.
The statute is not unconstitutional. We certify conflict with Cogswell and State v. Gatto, 516 So.2d 289 (Fla. 4th DCA 1987).
The order is reversed and this cause remanded for completion of the prosecution.
REVERSED.
ORFINGER and COBB, JJ., concur.